[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

————————————————

No. 13-11111
Non-Argument Calendar

————————————————

D.C. Docket No. 6:12-cr-00012-BAE-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARK DARNELL PORTER,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Southern District of Georgia

————————————————

(October 30, 2013)

Before CARNES, Chief Judge, MARTIN and FAY Circuit Judges.

PER CURIAM:

Mark Porter appeals his 180-month sentence after pleading guilty to possession with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  He claims that his sentence is substantively unreasonable, and that the district court violated his plea agreement with the government.

I.

In the spring of 2012 officers arrested Porter as he was selling crack cocaine to a confidential informant.  A federal grand jury issued an eight-count indictment charging Porter and his codefendants with various drug trafficking and firearms offenses.  Porter entered into a written plea agreement in which he agreed to plead guilty to one count of possession with intent to distribute 280 grams or more of crack cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B).  In return the government agreed to:  (1) dismiss the remaining charges against Porter; (2) not object to the probation officer's recommendation that Porter receive a three-level guidelines reduction for acceptance of responsibility; (3) agree with Porter that there were no aggravating circumstances that justified an enhancement under the sentencing guidelines; and (4) advise the district court of the extent and value of Porter's assistance in the government's investigation and prosecution of others. The plea agreement warned Porter "that the Court is not a party to this agreement, that the government can only make recommendations which are not binding on the

2

Court, and that . . . the Court is free to impose any sentence authorized by law up to the statutory maximum sentence." The district court issued a similar warning at Porter's change-of-plea hearing, telling him that its sentence could be higher than the applicable guideline range and more severe than what he might anticipate based on his plea bargain. Porter confirmed that he understood and wanted to plead guilty anyway.

The presentence investigation report calculated a base level of 32 under United States Sentencing Guidelines § 2D1.1(c)(4). It added 2 levels under § 2D1.1(b)(1) for possession of a firearm during the commission of the offense, and subtracted 3 levels under § 3E1.1 for acceptance of responsibility, resulting in a total offense level of 31. That offense level combined with his criminal history category of II to give Porter a guidelines range of 121 to 151 months imprisonment. Porter did not object to the PSR.

At sentencing the district court varied upward, imposing a sentence of 180 months imprisonment. The court did so based on its determination that an additional 29 months was appropriate under the 18 U.S.C. § 3553(a) sentencing factors. The district court considered Porter's history and characteristics, as well as the circumstances of his offense. See 18 U.S.C. § 3553(a)(1). It also cited four findings as especially important in its decision to impose an upward variance. First, Porter's criminal history "show[ed] almost an entire life of lack of respect for

3

the laws." Second, Porter had not been deterred from criminal activity even though "he has had opportunities and the ability to earn a decent income." Third, Porter's offense conduct created "a significant danger to the community" by paying an individual to drive him to a high volume crack deal and having a firearm present. Finally, Porter had a "history of trying to -- or attempting to avoid responsibility for his conduct by minimizing his actions," including three prior convictions in which Porter pleaded to lesser offenses.

## II.

Porter claims that the district court's sentence was substantively unreasonable because it misapplied the sentencing factors set out in 18 U.S.C. § 3553(a). Section §3553(a) requires district courts to impose sentences that are "sufficient, but not greater than necessary, to comply with the purposes" listed in that statutory provision. Id. Those purposes include the needs to: reflect the seriousness of the offense, promote respect for the law, provide just punishment of the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. Id. § 3553(a)(2). Among other factors, the district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guidelines range, and the need to avoid unwarranted sentencing disparities. See id. § 3553(a)(1), (4), (6).

4

We apply an abuse of discretion standard in reviewing the district court's application of those factors.  See United States v. White, 663 F.3d 1207, 1215 (11th Cir. 2011).  Porter has the burden of proving that his sentence is substantively unreasonable.  Id. at 1217.  He does not claim that the district court's sentence "is grounded solely on one factor, relies on improper factors, or ignores relevant factors."  United States v. Pugh, 515 F.3d 1179, 1194 (11th Cir. 2008).  Instead he takes issue with the district court's conclusion that the facts in his case justify a variance under the § 3553(a) factors.  To prevail on his argument, he must leave us with "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  United States v. Irey, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).

Porter's argument does not inspire such conviction.  His sentence is well below the statutory maximum of life in prison.  See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that a defendant's sentence was reasonable in part because it was well below the statutory maximum).  Furthermore, the district court considered the § 3553(a) factors and made specific findings as to why the nature and circumstances of the offense, Porter's history and characteristics, deterrence of criminal conduct, and protecting the public from

5

Porter's future criminal conduct justified an upward variance from the guidelines range. Porter offers reasons to disagree with the court's conclusion, but the abuse-of-discretion standard requires more. See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007) ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court."). Thus Porter's claim fails.

## III.

Porter also claims that the district court's 180-month sentence "breached" his plea agreement with the government. Because Porter raises this argument for the first time on appeal, we review only for plain error. United States v. Rodriguez, 398 F.3d 1291, 1298 (11th Cir. 2005).

Porter argues that the district court "violated the plea agreement" because it imposed a higher sentence than what he expected based on his plea negotiations with the government. Not so. The plea agreement specifically acknowledged two facts that made it legally impossible for the district court's upward variance to breach the plea agreement: (1) "the Court is not a party to this agreement," and (2) "the Court is free to impose any sentence authorized by law up to the statutory maximum sentence." It cannot be error — let alone plain error — for a district court to exercise its sentencing discretion if the defendant's plea agreement does

6

not limit that discretion.  See United States v. Eldick, 443 F.3d 783, 789 (11th Cir.

2006).  Thus Porter's claim fails.

**AFFIRMED.**